UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

OASIS FOCUS FUND LP,

                                Petitioner,

-v-

CHARLES GUOWEI CHAO, et al.,

                                Respondents.

22 Misc. 113 (PAE)

ORDER

---

PAUL A. ENGELMAYER, District Judge:

Pending before the Court are two motions: one from petitioner Oasis Fund LP ("Oasis") seeking a conference with the Court to change the location of compliance of a May 2022 subpoena issued upon respondent Charles Guowei Chao ("Chao"), *see* Dkt. 20, and one from Quadre Investments, L.P. ("Quadre") seeking to intervene permissively (or, alternatively, join permissively) in this matter, Dkt. 25. The Court denies both motions.

On May 4, 2022—nearly a year ago—the Court granted Oasis's *ex parte* petition to serve subpoenas on respondents Chao and New Wave MMXV Limited under 28 U.S.C. § 1782. *See* Dkt. 9. Those subpoenas—drafted by Oasis—selected the Northern District of California as the place of compliance. *See* Dkt. 20 at 1. When the Court granted Oasis's petition, it closed the case. *See* Dkt. 9; *see also* Dkt. 19.

On July 21, 2022, the Court received a motion (in the form of a proposed order) from Quadre seeking to join the closed matter as a petitioner. The Court denied that motion, stating in relevant part that the Court's May 4, 2022 Order "closed the case, and terminated the Court's jurisdiction. To the extent that a different entity, Quadre, seeks to serve its own subpoena(s)

pursuant to § 1782, against different respondents, the proper procedure is for it to file a separate miscellaneous action seeking relief." Dkt. 19.

Oasis now seeks to revive this closed case by asking the Court to change the location of compliance for the subpoena, and piggybacking on that motion, Quadre again seeks to intervene. Neither motion has merit.

First, Oasis fails to provide any authority upon which to determine that it has jurisdiction to change the compliance location of the subpoena. The one case it cites in which a court in this District has "modif[ied] a subpoena's place of compliance," *Probulk Carriers Ltd. v. Marvel Int'l Mgmt. & Transp.*, 180 F. Supp. 3d 290 (S.D.N.Y. 2016), is inapposite. The Court there modified the place of compliance, at the behest of the moving defendant, with "plaintiff readily acknowledg[ing]" that to be the "appropriate course." *Id.* at 294. Thus, were the parties here to agree upon a change of the place of compliance, *Probulk Carriers* would supply authority to do so. But that is not the situation here. As Chao correctly notes—and as the abundant authority he cites, including the Federal Rules of Civil Procedure establishes—this Court lacks jurisdiction to change the place of compliance, and that such motion must be brought in the district where compliance is required, meaning the Northern District of California. *See* Fed. R. Civ. Proc. 45(d)(3) (providing that subpoena-related motions be brought in "the district where compliance is required"); *id.* 2013 comm. notes (f) (noting that "subpoena-related motions and applications are to be made to the court where compliance is required under Rule 45(c)"); *see, e.g., Avila v. Target Corp.*, 2022 WL 17540322, at *2 (E.D.N.Y. Nov. 18, 2022). As Chao notes, "Oasis'[s] own strategic decision to notice the deposition and document production to occur in San Francisco is no reason to ignore the mandatory procedural and jurisdictional requirements set

forth in Rule 45." Without jurisdiction to resolve the motion, the Court denies Oasis's motion without prejudice to its right to bring it in a properly suited forum.

Second, Quadre's second motion to intervene in this closed matter, remains improper. The Court again reminds Quadre that to the extent Quadre "seeks to serve its own subpoena(s) pursuant to § 1782, against different respondents, the proper procedure is for it to file a separate miscellaneous action seeking such relief." Dkt. 19.

The Clerk of Court is respectfully directed to close all pending motions. For avoidance of doubt, this Case is to remain closed.

SO ORDERED.

*Paul A. Engelmayer*
Paul A. Engelmayer
United States District Judge

Dated: April 6, 2023
       New York, New York